UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE ROBERTS, an individual,<br><br>                           Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>                           Defendant. | Case No.: 24-cv-1424-WQH-DDL<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Withdraw as Attorney (ECF No. 6) filed by counsel for Plaintiff Denise Roberts ("Plaintiff"), Joseph Kaufman & Associates, Inc., Joseph A. Kaufman, Esq., and Maria Sanjur-Van Brande, Esq. ("Plaintiff's Counsel"), and the following motions filed pro se by Plaintiff: Motion to Appoint Counsel (ECF No. 9), Motion to Dismiss "Attorney Fee Lien for Misrepresentation And Unethical Behavior" (ECF No. 10), Motion for Leave to Proceed *in forma pauperis* ("IFP") (ECF No. 8), and Motion to Dismiss "Defendant Counsel's Submission of Incorrect Retail Installment Sale Contract" (ECF No. 11).

## I. PROCEDURAL HISTORY

On July 10, 2024, Plaintiff initiated this action by filing the Complaint in the Superior Court of the State of California for the County of San Diego alleging a violation of the Song-Beverly Consumer Warranty Act. (ECF No. 1-2 at 1.) At the time, Plaintiff was represented by Joseph A. Kaufman and Maria Alejandra Sanjur-Van Brande, of the law firm, Joseph Kauffman & Associates. On August 9, 2024, Defendant Ford Motor Company ("Ford") removed the case to this Court and paid the filing fee. *Id.* On the same day, Defendant filed the Answer to Complaint. (ECF No. 2.)

On August 27, 2024, Plaintiff's Counsel filed the Motion to Withdraw as Attorney. (ECF No. 6.)

On August 30, 2024, Plaintiff, proceeding pro se, filed the Motion to Appoint Counsel (ECF No. 9), the Motion "To Dismiss Attorney Fee Lien for Misrepresentation And Unethical Behavior" (ECF No. 10.), and the Motion for Leave to Proceed IFP (ECF No. 8). On September 5, 2024, Plaintiff filed the Motion "to Dismiss Defendant Counsel's Submission of Incorrect Retail Installment Sale Contract." (ECF No. 11.)

## II. MOTION TO WITHDRAW AS ATTORNEY

Plaintiff's Counsel requests withdrawal on the following ground: "Plaintiff sent a written communication to Plaintiff's counsel, formally discharging them as her counsel of record." (ECF No. 6 at 3.)

"Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California." *Kard v. GMAC Mortg.*, LLC, No. 3:23-CV-1780-W-DEB, 2024 WL 3708095, at *1 (S.D. Cal., Aug. 5, 2024) (citing *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008)). California Rule of Professional Conduct 1.16(a)(4) provides: "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: … the client discharges the lawyer."

The Motion to Withdraw as Attorney in this case is unopposed and there is no evidence in the record that withdrawal will prejudice the litigants, harm the administration of justice,

or result in more than a limited delay of the adjudication of this action. The Court grants the Motion to Withdraw as Attorney.

### III.  MOTION TO APPOINT COUNSEL

Plaintiff requests appointment of counsel. (ECF No. 9.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). While there is no right to counsel in a civil action, a court may, under "exceptional circumstances," exercise its discretion and "request an attorney to represent any person unable to afford counsel." *Id.*; *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In exercising this discretion, the Court must consider Plaintiff's ability to represent herself, the complexity of the case, and the merits of Plaintiff's claims. *See Palmer*, 560 F.3d at 970; *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004). "[D]ifficulties which any litigant would have in proceeding pro se … do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Plaintiff has demonstrated in her previous filings to the Court (ECF Nos. 8–11) that she is capable of conducting legal research and adequately articulating her legal positions. Plaintiff's inability to afford legal representation and her concerns regarding the technical nature of the case are "difficulties which any litigant would have in proceeding pro se" and do not constitute "exceptional factors." *Wood*, 900 F.2d at 1335–36. Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff may, at any time, obtain her own counsel to represent her in these proceedings.

### IV.  MOTION "TO DISMISS ATTORNEY FEE LIEN FOR MISREPRESENTATION AND UNETHICAL BEHAVIOR"

Plaintiff requests the Court "dismiss the attorney fee lien filed by plaintiff attorney Attorney Joseph Kaufman and Associate[s] on the grounds of misrepresentation and unethical behavior." (ECF No. 10 at 1.) Plaintiff has not met the burden of showing that this Court has subject-matter jurisdiction over a fee dispute between Plaintiff and Plaintiff's former Counsel. Plaintiff's motion "to dismiss attorney fee lien for misrepresentation and

unethical behavior" is denied without prejudice to renew if and when Plaintiff demonstrates jurisdiction exists in this Court for such a claim.

## V.    MOTION FOR LEAVE TO PROCEED IFP

Plaintiff requests leave to proceed IFP. (ECF No. 8.) Leave to proceed IFP is granted to parties who are unable to pay the necessary filing fees. *See* 28 U.S.C. § 1914(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Defendant has paid the required filing fee. (*See* ECF No. 1.) Therefore, no filing fee is due, and Plaintiff's Motion is denied as moot.

## VI.   MOTION "TO DISMISS DEFENDANT COUNSEL'S SUBMISSION OF INCORRECT RETAIL INSTALLMENT SALE CONTRACT"

Plaintiff filed the Motion "to Dismiss Defendant Counsel's Submission of Incorrect Retail Installment Sale Contract" which contends that "[t]he Retail Installment Sale Contract Submitted to the Court by Defendant's counsel … is incorrect." (ECF No. 11 at 2.) The Court liberally construes Plaintiff's Motion as a motion to strike Exhibit D of the Notice of Removal. (ECF No. 1-5.)

Pursuant to Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)); *see, e.g.*, *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). In addition, "motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. 04-CV-2019 C (SBA), 2004 U.S. Dist. LEXIS 21402, at *5 (N.D. Cal. Oct. 12, 2004).

The Court finds that, at this stage in the proceedings, Plaintiff has failed to show that her request meets this standard. At a later stage in the proceedings, Plaintiff will have the

opportunity to dispute the authenticity of any evidence presented by an opposing party. Plaintiff's Motion is denied.

## VII.  CONCLUSION

IT IS HEREBY ORDERED that the Motion to Withdraw as Attorney (ECF No. 6) is granted, and the remaining motions (ECF Nos. 8–11) are denied. Plaintiff currently represents herself pro se. The Clerk of the Court shall amend the docket to reflect Plaintiff's pro se status and shall update the docket to reflect Plaintiff's mailing address, as described in ECF No. 11.

Dated:  September 19, 2024

Hon. William Q. Hayes
United States District Court