UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE ROBERTS, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 24-cv-1424-WQH-DDL<br><br>**ORDER DENYING MOTION TO REVIEW SETTLEMENT TERMS**<br><br>**[Dkt. No. 21]** |

  Before the Court is Plaintiff Denise Roberts's "Motion to Review and Reconsider Settlement Agreement Due to Lack of Legal Representation and Signing Under Duress." Dkt. No. 21. The Motion has been referred to the undersigned for decision. Dkt. No. 22. In her Motion, Plaintiff explains that she is "unsure if the settlement was fair and reasonable and is seeking the Court's assistance in reviewing its terms to ensure they comply with the law." Dkt. No. 21 at 2. For the reasons stated below, the Motion is **DENIED**.

  As a general rule, the Court does not review settlements of non-class claims where all settling parties are competent adults. *Cf.* CivLR 17.1 (requiring Court's review and approval of settlements on behalf of minors and incompetents). Moreover, it is not the Court's function to provide the parties in this vehicle warranty case with "guidance in assuring the[ir] settlement is just and complies with all applicable legal standards." Dkt. No. 21 at 4. Notwithstanding what Plaintiff describes as her "unique position as a *pro se*

litigant," Dkt. No. 21 at 4, neither Plaintiff nor any other party to this action is entitled to legal advice from the Court.  *See*, *e.g.*, *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) (rejecting *pro se* party's argument that it was the court's "duty" to advise him because "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys"); *Gragg v. Atascadero Police Dep't*, No. CV2106736MEMFKS, 2023 WL 4352074, at *1 (C.D. Cal. July 5, 2023) ("The Court cannot provide legal advice to any party, including *pro se* litigants . . .").  As the Supreme Court has explained, requiring courts to dispense legal advice to parties is antithetical to the judge's "role as [an] impartial decisionmaker[]." *Pliler*, 542 U.S. at 231; *accord Jacobsen*, 790 F.2d at 1366 (noting that "to give [a party legal] advice would entail the district court's becoming a player in the adversary process rather than remaining its referee").  The Court finds no basis in the record before it to depart from these well-established principles.

"[T]here are limits to what a court must do to accommodate a party appearing *pro se.*"  *Washington v. Kijakazi*, 72 F.4th 1029, 1040 (9th Cir. 2023).  For the reasons explained above, Plaintiff's request that the Court reassure her that the agreed-to settlement of her claims is fair, reasonable and legal exceeds those limits.  Accordingly, Plaintiff's Motion is **DENIED**.  The Settlement Disposition Conference remains as set for **January 17, 2025** at **1:00 p.m.** (*see* Dkt. No. 19) but will be vacated upon the filing of the appropriate motion or stipulation pursuant to Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED.**

Dated: November 20, 2024

Hon. David D. Leshner
United States Magistrate Judge